# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EMANUEL MERRIWETHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv−1098−NJR** |
| | ) | |
| **WEXFORD MEDICAL SOURCES,** | ) | |
| **RAZI,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **CHRISTINE BROWN,** | ) | |
| **LARUE LOVE,** | ) | |
| **ADAMS,** | ) | |
| **DUVALL, and** | ) | |
| **SHIRLEY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL District Judge:**

Plaintiff Emanuel Merriwether, an inmate in Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages, as well as an emergency temporary restraining order (TRO) and a preliminary injunction to require the Defendants to send Plaintiff to an outside hospital or specialist. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges that Wexford, Baldwin, Lashbrook, Brown, and Love conspired to violate Plaintiff's rights by instituting a policy to refuse to provide adequate health care and disclosing his medical information to security at his institution. (Doc. 1, p. 6). Plaintiff alleges that Wexford, Baldwin, Lashbrook, Brown, and Love retaliated against him for filing grievances and requesting daily health care visits by instituting such policies. (Doc. 1, p. 6).

Plaintiff was admitted to the Illinois Department of Corrections (IDOC) on January 8, 2016 at the Northern Reception Center ("NRC"). (Doc. 1, p. 6). Plaintiff immediately began receiving treatment for his vascular ulcers. (Doc. 1, p. 6). However, Razi refused to provide several of Plaintiff's treatments, and told Plaintiff that it is Wexford's policy not to provide certain expensive treatments. (Doc. 1, p. 6). Plaintiff alleges that he saw a memorandum listing treatments that Wexford would not provide due to cost. (Doc. 1, p. 7). Plaintiff alleges that he saw certain medications on that list that were later discontinued at Pickneyville. (Doc. 1, p. 7). Plaintiff sent Lashbrook an emergency grievance sometime after June 2016 that was never returned to him. (Doc. 1, p. 7).

On February 25, 2016, Nurse Jaime and Shirley discussed Plaintiff's medical information together. (Doc. 1, p. 7). Shirley, a security supervisor, directed Jaime to read Plaintiff's medical records to him. (Doc. 1, p. 7). Later when Jaime stepped out of the room, Shirley began paging through Plaintiff's medical records. (Doc. 1, p. 7). Plaintiff asked Shirley to stop, and he responded, "I do what the hell I wanna do. This is no fucking secret. We know you're a piece of shit." (Doc. 1, p. 7). Another officer, Walla, came to the door, and Shirley told her about Plaintiff's medical records. (Doc. 1, p. 7). Shirley said, "this dumb ass has been treating his wound over 13 years, it's right over there in the file." (Doc. 1, p. 7).  Walla walked off leaving Plaintiff alone with Shirley, who continued to read his medical files. (Doc. 1, p. 7).

Plaintiff claims his wounds are becoming larger with time and frequently infected. (Doc. 1, p. 8). There is a discussion about amputating his legs. (Doc. 1, p. 8). Plaintiff alleges that his dressings have gone unchanged, causing his wounds to fester and become infected. (Doc. 1, p. 8). All of the grievances that Plaintiff has filed to Baldwin, Love, Lashbrook and Brown have

been denied because Plaintiff "complains too much." (Doc. 1, p. 8). Plaintiff suffers from severe headaches, severely infected wounds, depression, and blood clots. (Doc. 1, p. 9).

Although it is not clear from the body of the Complaint, based on grievances Plaintiff has attached, it appears that the method of his dressing changes was changed sometime around March 2016 and that Plaintiff disapproved of the changes. (Doc. 1, p. 22-40).

## <u>Discussion</u>

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review

**Count 1 – Wexford, Baldwin, Lashbrook, Brown, and Love conspired to violate Plaintiff's Eighth Amendment rights by instituting a policy to refuse to provide adequate health care due to its cost;**

Plaintiff has also attempted to bring other Counts, but for the reasons elucidated below, these claims do not survive threshold review.

**Count 2 – Wexford, Baldwin, Lashbrook, Brown, and Love conspired to disclose Plaintiff's medical information to security at his institution in violation of HIPAA;**

**Count 3 – Wexford, Baldwin, Lashbrook, Brown, and Love retaliated against Plaintiff for filing grievances and requesting health care daily;**

**Count 4 – Razi discontinued certain treatments that Plaintiff was receiving at the Northern Recption Center due to cost concerns and in accordance with a policy of cost cutting in violation of Plaintiff's Eighth Amendment rights;**

**Count 5 – Defendant Shirley violated Plaintiff's rights pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) when Shirley read Plaintiff's medical records and discussed them with health care providers.**

As to Plaintiff's **Count 1**, the Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). To state a claim, a prisoner must demonstrate that his medical condition is sufficiently serious (*i.e.*, the objective standard). *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). He also must demonstrate that each defendant responded to his serious medical need with deliberate indifference (*i.e.*, the subjective standard). *Id.*

The objective component of this claim is satisfied by the allegations in the Complaint. A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff was repeatedly seen by medical professionals for his vascular ulcers and has pleaded that the ulcers are not healing and require constant care. For screening purposes, Plaintiff's ulcers satisfy the objective component of this claim.

But more is required to support an Eighth Amendment claim. The allegations must also suggest that each Defendant responded to Plaintiff's serious medical needs with deliberate indifference. A prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. Neither "medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). At the same time, a

prisoner is also "not required to show that he was literally ignored." *Berry*, 604 F.3d at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). The choice of "easier and less efficacious treatment" for a serious medical need may amount to deliberate indifference. *Id.* (citations omitted). *See also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)).

The Court notes that while Plaintiff complains of his medical treatment at Pickneyville Correctional Center, he has not made any allegations against any medical care providers at that institution. None of the named Defendants are listed as actually providing or refusing to provide Plaintiff with medical attention at that facility. While Plaintiff has referred to a "Nurse Jaime," he did not include her in the case caption or in his list of Defendants. As the Federal Rules of Civil Procedure require that the case caption include all parties, either by name or Doe designation, Jamie will not be treated as a defendant, and to the extent that Plaintiff intended to include any claims against her, those claims will be dismissed without prejudice. Fed. R. Civ. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (finding that a defendant must be "specified in the caption" to be properly considered a party). The Court notes at this time that the same deficiency also applies to Walla, whom Plaintiff lists in the body of the Complaint, but does not include in his list of Defendants.  The Court will not construe Plaintiff's Complaint as stating a claim against either Jaime or Walla.

As to Plaintiff's claims of an unconstitutional policy or custom, a policymaker can be held liable if "the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself [because] [*r*]*espondeat superior* liability does not apply to private

corporations under § 1983." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). In this case, Plaintiff alleges that the policies, customs, or widespread practice of foregoing certain treatments because of their cost caused him to receive substandard care for his ulcers. He further alleges that Wexford, Baldwin, Lashbrook, Brown, and Love were all involved in creating the policy at issue. At this stage, that is enough to survive threshold review. **Count 1** will be allowed to proceed.

But all of Plaintiff's other claims must be dismissed. In **Count 2**, Plaintiff has alleged that Defendants Wexford, Baldwin, Lashbrook, Brown, and Love conspired to violate his rights under HIPAA. But Plaintiff does not allege that any of the above Defendants actually disclosed his protected health information. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Although Plaintiff has used the word "conspiracy," he has not alleged that Wexford, Baldwin, Lashbrook, Brown, or Love actually disseminated his health care information or that any of the Defendants that he alleges disseminated his health care information were involved in the conspiracy. This means that none of the Defendants named in this count actually participated in the alleged constitutional violation, even presuming the existence of a conspiracy.

And as to that issue, Plaintiff's claims are weak. The mere use of the word "conspiracy," without more, is insufficient to state a claim; Plaintiff has not alleged an agreement to deprive him of his constitutional rights or that any of the Defendants listed above committed an overt act in furtherance of a conspiracy. *See Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

Therefore, Plaintiff has not adequately stated a conspiracy claim, and **Count 2** will be dismissed without prejudice.

Plaintiff also alleges that Wexford, Baldwin, Lashbrook, Brown, and Love conspired to retaliate against him for filing grievances and requesting health care. The above analysis regarding a conspiracy claim applies with equal force to this claim; Plaintiff has not adequately alleged a conspiracy merely by using the word.

Taking his claim as a straight retaliation claim, it also fails. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

Here, Plaintiff has not identified the act taken in retaliation.  He vaguely implies that the policies are the retaliation, but also notes that he saw a memorandum documenting them when he began treatment. If the policies were in place at the time that Plaintiff began receiving the allegedly deficient medical treatment, then they cannot be the basis of a retaliation claim because the timeline does not support an inference of retaliation. Plaintiff also takes issue with certain

Page **8** of 14

aspects of his treatment, but that cannot be a basis of a retaliation claim against these Defendants because none of them actually participated in his treatment. As Plaintiff has not adequately pleaded a retaliatory act, **Count 3** will be dismissed without prejudice.

**Count 4** will be dismissed because venue is not proper in this District. Plaintiff seeks to bring a claim against Defendant Razi, whom he identifies as the medical doctor at the Northern Reception Center, which is located at Stateville Correctional Center in Joilet, Illinois. (Doc. 1, p. 2). Plaintiff must bring any claims against Razi in the Northern District of Illinois, as that is where the Northern Reception Center is located, and where the relevant events occurred. **Count 4** is therefore dismissed without prejudice to Plaintiff refiling the claim separately in the Northern District.

Finally, Plaintiff's **Count 5** must be dismissed with prejudice. Plaintiff alleges that Shirley gained access to his private health information in violation of HIPAA. But HIPAA does not furnish individuals with a private right of action. *Carpenter v. Phillips*, 419 F. App'x. 658, 659 (7th Cir. 2011). That means that Plaintiff cannot recover money damages for violations of the act. **Count 5** must be dismissed with prejudice.

Plaintiff has also listed Defendants Adams and Duvall in his list of Defendants. But he fails to list them elsewhere in his Complaint, so the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Adams and Duvall elsewhere in his Complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Adams and Duvall will be dismissed from this action without prejudice.

## Pending Motions

Plaintiff's Complaint requests an emergency TRO/PI "to order." (Doc. 1, p. 10). Specifically, he requests referral to an outside hospital/specialist for evaluation of his open wounds, and $25,000. (Doc. 1, p. 10). A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Without expressing any opinion on the merits any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief."). Therefore Plaintiff's request for a TRO is **DENIED without prejudice**. Should Plaintiff continue to feel that a TRO is necessary, he may file a new motion on that point.

Turning now to Plaintiff's request for a preliminary injunction, Plaintiff cannot use a preliminary injunction to recover money. To issue an injunction requires a showing of irreparable injury, and by definition, an irreparable injury is one that cannot be fixed by monetary compensation. *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). Monetary compensation will be available to Plaintiff should he prevail at trial, so there is no need to award that relief on a preliminary basis. To the extent that Plaintiff is continuing to request a referral to an outside specialist, the Clerk of Court is **DIRECTED** to docket Plaintiff's request for an injunction as a separate docket entry. The matter is further referred to Magistrate Judge Wilkerson for a Report and Recommendation.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives threshold review against Defendants Wexford, Baldwin, Lashbrook, Brown and Love.

**IT IS HEREBY ORDERED** that **COUNTS 2 - 4** fail to state a claim upon which relief may be granted, and thus are **DISMISSED without prejudice**. **COUNT 5** is **dismissed with prejudice.** Defendants Razi, Adams, and Duvall are **DISMISSED** from this action **without prejudice**. Defendant Shirley is **DISMISSED with prejudice**.

Plaintiff's Motion for a Temporary Restraining Order is **DENIED**. The Clerk of Court is **DIRECTED** to docket Plaintiff's request for injunctive relief as a separate docket entry.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, Baldwin, Lashbrook, Brown and Love:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** October 5, 2016

s/Nancy J. Rosenstengel
_____
**U.S. District Judge**