IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMANUEL MERRIWETHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-1098-NJR-DGW |
| | ) |
| WEXFORD MEDICAL SOURCES, | ) |
| JOHN BALDWIN, | ) |
| JACQUELINE LASHBROOK, | ) |
| CHRISTINE BROWN, | ) |
| LARUE LOVE, | ) |
| MAJOR ADAMS, | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| DR. M. SCOTT, | ) |
| RHONDA J. RUETER, | ) |
| LT. WEBB, | ) |
| SGT. SWEENY, | ) |
| SGT. SCRO, | ) |
| NURSE DAUGHERTY, | ) |
| C/O MCDONALD, | ) |
| LT. LAWLESS, | ) |
| C/O GOLDSBOUROUGH, | ) |
| C/O BARROW, | ) |
| C/O WALLA, | ) |
| C/O WATER, | ) |
| C/O JOHNSON, | ) |
| NURSE JAIME, and | ) |
| NURSE ELIZABETH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Emanuel Merriwether is currently proceeding on one count, pursuant to 42 U.S.C. § 1983, alleging Defendants Wexford, Baldwin, Lashbrook, Brown, and Love

conspired to violate his Eighth Amendment rights by instituting a policy of elevating cost over medical care. (Doc. 6, pp. 4, 12). Merriwether's claim relates to the treatment of his vascular ulcers at the Pinckneyville Correctional Center.[1] Merriwether raised several other claims in his original complaint, all of which were dismissed without prejudice for failing to adequately state a claim. (Doc. 6, p. 12).[2]

## PROCEDURAL HISTORY AND ORDERS

On November 15, 2016, within 21 days of the filing of an answer, Merriwether filed a motion for leave to file an amended complaint. (Doc. 35). In light of the timing of the filing, the Clerk of Court docketed the amended complaint (Doc. 52) pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and this matter was stayed pending screening of the amended complaint pursuant to 28 U.S.C. § 1915A. On August 3, 2017 Doc. 52 was struck as incomplete (Doc. 55) and Merriwether's motion to amend (Doc. 39) was granted. The Clerk of Court filed the amended complaint submitted on November 18, 2016, which the Court construes as Merriwether's first Federal Rule of Civil Procedure 15(a) (1)(B) amendment. Merriwether's November 18, 2016 amended complaint (Doc. 57) is now before the Court for preliminary review pursuant to § 1915A.

## PRELIMINARY REVIEW

Merriwether is attempting to cure some of the deficiencies noted in this Court's screening order (Doc. 6) by setting forth allegations against previously dismissed defendants in addition to new claims against new defendants. Section 1915A provides:

---

[1] Merriwether is currently housed at the Dixon Correctional Center, which he was transferred to around January 23, 2017. (Doc. 50).
[2] Counts 2 - 4 were dismissed for failure to state a claim upon which relief may be granted. As a result, Defendants Razi, Adams, and Duvall were dismissed from this action without prejudice. (Doc. 6, p. 12).

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### THE AMENDED COMPLAINT

Merriwether's Amended Complaint alleges claims against twenty individuals, the Illinois Department of Corrections, and Wexford Medical Sources. Merriwether generally alleges that Defendants failed to adequately treat his medical conditions, which include vascular ulcers, nerve damage, chronic pain, and mental illness. He also alleges that he was retaliated against, that his cell was shaken down for no reason, that he was placed on suicide watch for no reason, that his property was destroyed, and that he was otherwise harassed by various prison personnel.

According to the amended complaint, Merriwether was admitted to the Illinois Department of Corrections on January 8, 2016 at the Northern Reception Center. Merriwether immediately began receiving treatment for his vascular ulcers by Dr. Razi who provided wound care supplies and medications. Some point thereafter, however, Dr. Scott changed the treatment plan in favor of a lower cost plan—Merriwether informed Dr. Scott that the change was causing his condition to get worse and his sores to become more infected. In addition, Nurse Christine Brown refused to refer Merriwether to an outside specialist, and Nurse Jaime failed to follow a "standing medical order" and provide medical supplies. Defendants further failed to adequately change his bandages which may lead to the amputation of his legs. Merriwether sent a letter to Wexford and grieved the matter to Warden Lashbrook but received no response. Merriwether now is "paraplegic" and suffers from severe headaches due to pain, infected wounds, depression, and mental and emotional distress because of this conduct.

Dr. Scott also has discontinued psychiatric medication (prescribed by Dr. Thakur) and failed to provide other mental health treatment, all in retaliation for filing grievances

against him. On October 10, 2016, Merriwether was found with extra medication that he intended to use to commit suicide. The next day, Dr. Scott discontinued certain psychiatric and other medication.[3] Thereafter, on October 27, 2016, Dr. Scott used less bandages than were necessary and failed to treat his infected legs—Merriwether states that the pain and smell of his wounds was unbearable and offensive to others.

As to Nurses Jamie and Rueter, Merriwether states they taunted and verbally harassed him and provided treatment "as they would want them done" regardless of standing orders. They also compelled security guards to threaten and intimidate him and discussed his medical issues, without his consent, with security guards and other inmates, all in retaliation for grievances. Finally, when Merriwether was placed in segregation, Correctional Officer ("Officers") Adams failed to provide him with "co-hesive wraps" for a period of three days, thus contributing to infections, pain, and nerve damage.

Merriwether then provides a narrative under the heading "Complaint of Conspiracy and Retaliation," in which he outlines events that began on October 27, 2016. Much of these events do not state any claim. He states that Officers McDonald, Porter, Sweeny, and Webb entered his cell, 5B-14, and left it in shambles with the approval of Correctional Officer Love. During this shakedown, some of Merriwether's property was discarded, including items that were used to elevate his legs to relieve poor blood circulation. The shakedown was at the behest of the Warden. On the next shift (the 3 to

---

[3] Merriwether goes on to state that two other inmates hoarded their medication but that Dr. Scott did not discontinue their medication.

11 shift), Merriwether asked Sergeant Scro to summon a nurse for medical care. Sergeant Scro indicated that a nurse was on the way and Nurse Elizabeth came to Merriwether's cell 30 minutes later. She told Sergeant Scro to take Merriwether's wheelchair "per administration." Merriwether's wheelchair was taken and his cell was then searched again by Scro, Burrow, and Walla. During the next shift (11 to 7 shift), Officers Johnson and Water, along with Nurse Daugherty came to Merriwether's cell for a medication pass and Officer Johnson told Merriwether "I don't know what the fuck you two have done or did. But the warden told us to fuck over you two."[4] Then Nurse Daugherty wrote out two tickets for failing to comply with "the mouth check when taking medication." He then was denied breakfast by Johnson, Water, and Goldsborough and moved to an isolation cell. Ms. Mason explained to Merriwether that the move was for his safety and well-being and in anticipation of a jail transfer. On October 31, 2016, Merriwether was then placed on suicide watch by Ms. Hill and Lt. Frank at the directions of a Major and the Warden—Merriwether did not want to be on suicide watch because of the constant light and the 15 to 30 minute checks.

The narrative continues with an event involving a paper on the window of the isolation door, Warden Lashbrook's visit to his cell, his forcible removal from the cell, and being stripped naked. Merriwether claims that Warden Lashbrook orchestrated these events in retaliation for writing grievances and filing lawsuits.

## DISCUSSION

As noted above, Merriwether is already proceeding on Count 1:

---

[4] Merriwether shared a cell with a prison by the name of Norfleet.

Count 1: Wexford, Baldwin, Lashbrook, Brown, and Love conspired to violate Merriwether's Eighth Amendment rights by instituting a policy to refuse to provide adequate health care due to its cost;

Counts 2-5 of the original complaint were dismissed without prejudice. (Doc. 6). The following Counts can be gleaned from the Amended Complaint, beginning with Count 6:

Count 6: Defendants Scott, Brown, Jaime, and Rueter were deliberately indifferent to his serious medical condition, vascular ulcers and related infections and pain, in violation of the Eighth Amendment beginning in 2016.

Count 7: Defendant Scott was deliberately indifferent to his serious medical condition, mental illness, in violation of the Eight Amendment beginning in 2016. Defendant Scott also retaliated against Merriwether, by failing to provide necessary medication, for writing grievances against him.

Count 8: Defendants Jamie and Rueter discussed Merriwether's medical issues with third parties without Merriwether's consent in retaliation for writing grievances against them.

Count 9: Defendant Adams was deliberately indifferent to his serious medical condition, vascular ulcers, by failing to provide wraps for a period of three days while Merriwether was in segregation in violation of the Eighth Amendment.

Count 10: Defendants McDonald, Porter, Sweeney, Webb, Love, and Lashbrook, destroyed or discarded personal property on October 27, 2016.

Count 11: Defendant Porter harassed Merriwether with a flashlight while Merriwether took his medication on the medication line.

Count 12: Defendant Daugherty, at the direction of Defendant Lashbrook, issued two disciplinary tickets on October 27, 2016 and Defendants Johnson and Water, along with

>   Goldsborough, denied him a breakfast tray, also at the behest of Defendant Lashbrook.
>
> Count 13: Defendant Lashbrook, after October 27, 2016, retaliated against Merriwether for writing grievances and filing lawsuits by placing him on suicide watch, orchestrating the forcible removal of Merriwether from his isolation cell, and by directing that Merriwether be stripped, in violation of the First Amendment.
>
> Count 14: Defendants Wexford and Lashbrook ignored a letter and a grievance related to his medical care.

Merriwether has not set forth any claim against various persons named in the caption: Officer Barrow, Nurse Elizabeth, Illinois Department of Corrections, Lt. Lawless, Sgt. Scro, and Officer Walla. They are accordingly **DISMISSED without prejudice**. In addition, to the extent that Merriwether is attempting to reassert his HIPAA claim, that claim also was dismissed with prejudice and will not be addressed here.

*Counts 6, 7, and 9*

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). To state a claim, a prisoner must demonstrate that his medical condition is objectively sufficiently serious and that each defendant responded to his serious medical need with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)).

This Court has already found that, for purposes of screening, Merriwether suffered from a serious medical condition. (Doc. 6, p. 5). Merriwether claims that Dr. Scott failed to provide sufficient pain medication and wound care items to treat his vascular ulcers, causing him pain and suffering. He also claims that Dr. Scott caused mental distress by failing to treat his medical conditions correctly and that he inexplicably terminated his psychiatric medication (prescribed by another doctor). Deliberate indifference can exist where a doctor fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), or persists with ineffective treatments for that medical condition. *Greeno*, 414 F.3d at 655.

Merriwether further claims that Defendants Jaime and Rueter failed to follow standing medical orders. While this claim appears to sound in medical malpractice, Merriwether also claims that they were verbally abusive, that they "sabotage[d]" his wound care, and that they took actions to intimidate him. These actions, coupled Merriwether's claim that the lack of care caused pain and suffering, are sufficient to state an Eighth Amendment claim against them. *Id*. at 604 (providing "blatantly inappropriate" medical treatment violates the Eighth Amendment). Finally, with respect to Nurse Brown and Major Adams, Merriwether claims they were deliberately indifferent in only one discreet way: for failing to refer Merriwether to a specialist and for failing to provide necessary bandages over a three day period, respectively. While these claims are narrow, such actions may have unnecessarily prolonged Merriwether's pain.

Merriwether further claims that Dr. Scott's denial of psychiatric medication was in retaliation for filing grievances. To establish a *prima facie* case of retaliation, Merriwether must demonstrate that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Merriwether has sufficiently alleged that Dr. Scott was withholding medication because of grievances written against him. **Counts 6, 7, and 9** shall be allowed to proceed.

## *Count 8*

Merriwether claims that Defendants Jamie and Rueter disclosed his personal health status to others in retaliation for the filing of grievances. As discussed above, a *prima facie* claim of retaliation exists where the plaintiff (1) engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Here, Merriwether alleges actions by Jamie and Rueter that are sufficient to allow Count 8 to proceed.

## *Count 10*

Merriwether alleges that Defendants McDonald, Porter, Sweeney, Webb, Love, and Lashbrook destroyed or discarded personal property on October 27, 2016 during a shakedown of his cell. The only constitutional right that might be implicated by these

facts is Merriwether's right to be free from deprivations of his property by state actors without due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (intentional deprivation of property does not constitute a violation of procedural due process unless a meaningful post deprivation remedy is unavailable).

Due process requires prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Wolff v. McDonnell,* 418 U.S. 539, 94 (1974)). Here, Merriwether does not allege how the procedure he was afforded was constitutionally defective. As a result, Count 10 is dismissed without prejudice.

## *Count 11*

Merriwether claims that Defendant Porter continually harassed him with a flashlight while he took his medication on the medication line. Simple "harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment" under the Eighth Amendment. *Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). Merriwether does not elaborate on the frequency of the alleged harassment, i.e. how many times per week or day he is in the medication line, the severity of the harassment, or its effects on him. As such, the amended complaint does

not set forth a claim that is plausible on its face. **Count 11** shall be dismissed without prejudice.

*Count 12*

Merriwether claims that he was issued disciplinary tickets and refused a breakfast tray immediately after being told "the warden told us to fuck over you two." It is unclear from the amended complaint whether the disciplinary ticket was in fact justified, false, written in retaliation, or for some other reason. It is also unclear whether Merriwether was denied a subsequent hearing on the ticket. In *Hanrahan v. Lane*, the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (referencing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation. *Hanrahan*, 747 F.2d at 1140.

In addition, the isolated denial of one food tray seems insufficient to state an Eighth Amendment claim. The Seventh Circuit has stated that the denial of food is not a *per* se violation of the Constitution. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). While courts have found excessive denial of food can qualify as an eighth amendment violation. *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078, 1083 (5th Cir. 1991) (failure to

feed a prisoner for twelve days unconstitutional); *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for 50+ hours had a viable Eighth Amendment claim). Periodic or minimal denial of food is not automatically a constitutional violation. *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation).

While missing a single meal is unpleasant, it fails to rise to the level of denial of an "identifiable human need" as envisioned by the Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 304, (1991). Without more, Count 12 shall be dismissed without prejudice.

## Count 13

Merriwether alleges that Defendant Lashbrook retaliated against him for writing grievances and filing lawsuits, by placing him on suicide watch, orchestrating his forcible removal from his isolation cell, and directing he be publicly stripped.

As discussed above, Merriwether can establish a *prima facie* claim of discrimination by showing (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Merriwether alleges Warden Lashbrook took specific actions against him in retaliation for the filing of his grievances and lawsuits, which is sufficient to raise a retaliation claim. Count 13 shall be allowed to proceed.

*Count 14*

Merriwether claims that he wrote a grievance and sent a letter to Wexford complaining of the medical care (or lack thereof) received from Dr. Scott. Generally, the mishandling, failure to investigate, or failure to respond to grievances does not implicate any constitutional right. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Inaction with regard to the letter and grievance procedure on the part of Warden Lashbrook or Wexford will not support an independent constitutional claim. Because Merriwether has failed to state a claim, Count 14 shall be dismissed without prejudice.

### INJUNCTIVE RELIEF

Merriwether's request for a permanent injunction (Doc. 7) was based on his request to see a specialist as set forth in his original complaint (Doc. 1). In the amended complaint, Merriwether seeks a preliminary injunction. While setting forth the elements of this extraordinary relief, Merriwether does not specifically state what relief he requests other than "medical treatment." In light of the vague nature of this claim and Merriwether's transfer to Dixon Correctional Center after the amended complaint was submitted, the Clerk of Court will not be directed to file a motion for preliminary injunctive relief. If Merriwether's transfer to Dixon Correctional Center has not provided

the necessary medical treatment, he may file a new motion for a preliminary injunction and indicate what particular injunctive relief he requires.

DISPOSITION

**IT IS HEREBY ORDERED** that Merriwether's motion to amend (Doc. 46) and his motion for a permanent injunction (Doc. 7) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, along with Count 1:

- Count 6 shall proceed against Defendants Scott, Brown, Jaime and Rueter,
- Count 7 shall proceed against Defendant Scott,
- Count 8 shall proceed against Defendants Jaime and Rueter,
- Count 9 shall proceed against Defendant Adams,
- Count 13 shall proceed against Defendant Lashbrook, and
- Counts 10, 11, 12, and 14 are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Defendants Officer Barrow, Nurse Elizabeth, Illinois Department of Corrections, Lt. Lawless, Sgt. Scro, Officer Walla, Lt. Webb, Sgt. Sweeny, Nurse Daugherty, Officer McDonald, Officer Goldsbourough, Officer Water, and Officer Johnson are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that as to Counts 6, 7, 8, 9, and 13 the Clerk of Court shall prepare for SCOTT, JAIME, RUETER, and ADAMS: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Merriwether. If any defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Merriwether, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Merriwether shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Merriwether shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, Merriwether is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address;

the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:**   August 3, 2017

                                                                    _s/ Nancy J. Rosenstengel_
                                                          **NANCY J. ROSENSTENGEL**
                                                          **United States District Judge**