IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMANUEL MERRIWETHER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-cv-1098-NJR-DGW |
| WEXFORD HEALTH SOURCES, INC., JOHN BALDWIN, JACQUELINE LASHBROOK, CHRISTINE BROWN, LARUE LOVE, MAJOR ADAMS, DR. MICHAEL SCOTT, JAIMEE ELLIS, and JANA RUETER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 117), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Michael Scott ("Scott"), and Jana Rueter ("Rueter")[1] be denied.

The Report and Recommendation was entered on June 15, 2018. Defendants filed a timely objection to the Report and Recommendation on June 29, 2018 (Doc. 122). Merriwether filed a response in opposition to the Objection on August 3, 2018

---

[1] This defendant's name is spelled throughout the docket sheet and pleadings sometimes as "Reuter" and other times as "Rueter." It appears the proper spelling is Rueter (*see, e.g.*, Doc. 84), and thus the Clerk of Court shall reflect the correct spelling on the docket sheet.

(Doc. 129).

## BACKGROUND

Merriwether, an inmate of the Illinois Department of Corrections, was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he initiated this action. Following an initial screening of the complaint pursuant to 28 U.S.C. § 1915A, and the filing of an Amended Complaint, Merriwether proceeds in this action on the following claims:

Count 1: Wexford, Baldwin, Lashbrook, Brown, and Love conspired to violate Merriwether's Eighth Amendment rights by instituting a policy to refuse to provide adequate health care due to its cost;

Count 6: Scott, Brown, Jaime, and Rueter were deliberately indifferent to his serious medical condition, vascular ulcers and related infections and pain, in violation of the Eighth Amendment beginning in 2016.

Count 7: Scott was deliberately indifferent to his serious medical condition, mental illness, in violation of the Eighth Amendment beginning in 2016. Scott also retaliated against Merriwether, by failing to provide necessary medication, for writing grievances against him.

Count 8: Jamie and Rueter discussed Merriwether's medical issues with third parties without Merriwether's consent in retaliation for writing grievances against them.

Count 9: Adams was deliberately indifferent to his serious medical condition, vascular ulcers, by failing to provide wraps for a period of three days while Merriwether was in segregation in violation of the Eighth Amendment.

Count 13: Lashbrook, after October 27, 2016, retaliated against Merriwether for writing grievances and filing lawsuits by

> placing him on suicide watch, orchestrating the forcible removal of Merriwether from his isolation cell, and by directing that Merriwether be stripped, in violation of the First Amendment.

(Doc. 58). On January 12, 2018, Defendants Wexford, Scott, and Rueter filed a Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 89 and 90). Specifically, they asserted that Merriwether did not file any grievances regarding Wexford or any medical policies and procedures prior to filing his lawsuit. Defendants also asserted that Merriwether failed to properly exhaust the February 29, 2016, March 16, 2016, September 14, 2016 and October 11, 2016 grievances by failing to submit them through the proper channels.[2]

On February 28, 2018, Magistrate Judge Donald G. Wilkerson held a hearing on Defendants' Motion for Summary Judgment (Docs. 108 and 110) pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Magistrate Judge Wilkerson found credible Merriwether's testimony that he submitted his grievances to the appropriate persons and either did not receive a response or had the grievances returned to him by the grievance officer.

## THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson recommends denying Defendants' Motion for Summary Judgment. Magistrate Judge Wilkerson found that each of the grievances

---

[2] Defendants actually refer to a February 26, 2016 grievance (instead of February 29, 2016) and a March 4, 2016 grievance (instead of March 6, 2018). The Court will refer to the grievances as referenced and dated above, however, because those are the dates upon which the grievances were actually signed by Merriwether (and the dates used by Magistrate Judge Wilkerson in his Report and Recommendation).

were fully exhausted because the grievance process was rendered unavailable to Merriwether. Specifically, Magistrate Judge Wilkerson relied on Merriwether's assertions in his verified Amended Complaint, where he stated that he did not receive responses to the grievances that he submitted to the institution (Doc. 57, p. 19). At the hearing held on February 28, 2018, Merriwether reiterated that, while at Pinckneyville, his grievances would get lost or would be returned to him by the grievance officer (Doc. 110, p. 7). As to the March 6, 2016 and September 14, 2016 emergency grievances, specifically, Magistrate Judge Wilkerson mentioned in a footnote that Merriwether exhausted these emergency grievances when he submitted them to the Warden.

As to Defendants' argument that Merriwether failed to grieve a policy and practice claim against Wexford, Magistrate Judge Wilkerson found that the allegations set forth in Merriwether's January 2016 grievances were sufficient to place Wexford on notice that Merriwether was complaining that medical supplies were not being provided. As to Merriwether's request for injunctive relief, Magistrate Judge Wilkerson found this claim to be moot in light of Merriwether's statements at the hearing indicating that he had been transferred to Dixon Correctional Center and that he was receiving appropriate medical care and treatment.

## DISCUSSION

Here, Defendants filed a timely objection to the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR

73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

First, Defendants object to Magistrate Judge Wilkerson's conclusion that Merriwether properly exhausted his claims against Wexford. Specifically, Defendants argue that Merriwether failed to specifically name Wexford in any of his grievances, and failed to sufficiently describe any particular policy or procedure.

The Prison Litigation Reform Act's exhaustion requirement was designed to afford correctional officials a chance to address inmate complaints internally, before resorting to federal litigation. *Conley v. Birch*, No. 11-cv-0013-MJR-SCW, 2012 WL 4202702, at *4 (S.D. Ill. Sept. 19, 2012) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)); *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (an inmate must do enough to

give "prison officials a fair opportunity to address his complaint."). The Seventh Circuit "and the majority of [other] circuits have never endorsed . . . the defendants' invitation to engraft onto § 1997e(a) a requirement that defendants to a civil suit be first named in an inmate's prison grievance." *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). The paramount consideration in the exhaustion analysis is whether the grievance "alert[s] the prison to the nature of the wrong for which redress is sought." *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005). It is appropriate for courts to construe the grievances generously. *See Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

In his January 16, 2016 and January 17, 2016 grievances, Merriwether complained that the medical staff was not stocking or ordering the necessary supplies to assist him with his wound care (Doc. 90-2, p. 30-31). In his March 6, 2016 grievance, Merriwether complained that his medical needs were neglected because the prison either did not have or would not give him "the right amount of medical supplies." (Doc. 90-2, p. 20). In his October 11, 2016 grievance, Merriwether explained that he was "in fear of loosing[sic] his legs" due to "cost effective behavior." (Doc. 90-2, p. 14). In Merriwether's February 25, 2016 grievance, he stated that "Nurse Jamie is willing to follow the person that's running the inventory for the medical supplies orders instead of the doctor" (Doc. 90-2, p. 26-27). These statements certainly would have put the prison on notice that Merriwether was grieving a policy or practice claim against Wexford for refusing to provide adequate health care due to its cost. Thus, the Court overrules Defendants' objection.

Second, Defendants object to Magistrate Judge Wilkerson's reliance on *Bentz* to conclude that Merriwether's emergency grievances dated March 6, 2016 and September 14, 2016 were exhausted upon submission to the warden (Doc. 122). Specifically, Magistrate Judge Wilkerson noted in a footnote that Merriwether exhausted these grievances when he "submitted his emergency grievances to the Warden. He may not have been required to do anything more," citing to the relatively recent decision of *Bentz v. Ghosh*, No. 16-1607, 2017 WL 5564679, at *4 (7th Cir. Nov. 20, 2017).

Defendants argue that *Bentz* was wrongfully decided and should not be followed by this Court. In support, Defendants argue that *Bentz* misapplied the reasoning of *Thornton v. Snyder*, 528 F.3d 690, 694 (7th Cir. 2005), and 20 Ill. Admin. Code § 504.840, when it found that the Administrative Code does not require an inmate to appeal to the Administrative Review Board ("ARB") after the warden decides not to process a grievance on an emergency basis.

In *Bentz*, an Illinois inmate filed suit after the warden had determined that his grievance was not an emergency, but before the ARB had ruled on the inmate's appeal of that decision. *See Bentz*, 718 F. App'x at 416. The Seventh Circuit Court of Appeals held that the inmate was not required to refile his rejected emergency grievance using the non-emergency grievance procedure, citing *Thornton v. Snyder*, 428 F.3d 690, 984 (7th Cir. 2005). The Court of Appeals also specifically found that "[u]nder these circumstances Illinois rules do not require him to appeal that decision to the [ARB]." *Bentz*, 718 F. App'x at 418.

Defendants argue that the Court of Appeals in *Thornton* did not finally decide whether inmates are required to re-file emergency grievances as non-emergency grievances once the emergency grievances are denied or required to appeal the warden's decision to the ARB; its statements on this point were merely dicta. Thus, Defendants argue that there is no language in *Thornton* or § 504.840 to support *Bentz*'s conclusion that inmates are excused from appealing the warden's emergency grievance determination directly to the ARB in order to exhaust their administrative remedies as to that grievance.

While the Court recognizes that *Bentz* was issued as an unpublished non-precedential order, the Court still finds it to be persuasive authority regarding exhaustion of administrative remedies for rejected emergency grievances. Defendants have not provided the Court with any convincing argument as to why the Court should not rely on *Bentz*'s conclusion that the Illinois rules do not require an inmate to appeal the decision to the ARB. If *Bentz* was wrongfully decided, that is for the Court of Appeals to decide. The undersigned has already chosen to rely on the *Bentz* decision in a previous order and finds no reason to change course in this case. *See Dent v. Burrell*, Case No. 3:16-CV-01263-NJR-DGW, 2018 WL 968513, at *4 (S.D. Ill. Feb. 20, 2018) ("when the CAO determined [the plaintiff's] August 23, 2016 grievance was not an emergency, [the plaintiff] effectively had exhausted his administrative remedies with regard to his claims . . . .") (citing *Bentz*, 2017 WL 5564679, at *4).

As to the September 14, 2016 grievance, the warden determined that the

grievance was not an emergency on September 21, 2016 (Doc. 90-1, p. 11). Thus, as of this date, Merriwether had exhausted his administrative remedies and was not required to appeal to the ARB, according to *Bentz*. As to the March 6, 2016 grievance, however, there is no indication on the grievance form itself or in the record that the warden made any determination as to whether the grievance was an emergency (Doc. 90-2, p. 20). Thus, the Court does not agree with Magistrate Judge Wilkerson's conclusion that this grievance was exhausted under *Bentz*. The Court notes, however, that Magistrate Judge Wilkerson found that the grievance process was rendered unavailable to Merriwether as to all grievances,[3] and the Court does not find this decision to be clearly erroneous. Thus, Merriwether is still deemed to have exhausted his administrative remedies as to this grievance because the process was unavailable to him.

After conducting a *de novo* review of Defendants' objections to Magistrate Judge Wilkerson's Report and Recommendation and a clear error review of the remaining unobjected portions, the Court agrees with Magistrate Judge Wilkerson that Merriwether exhausted his administrative remedies prior to filing suit. The Court also agrees with Magistrate Judge Wilkerson's conclusion that, based on Merriwether's testimony at the *Pavey* hearing, that the Motion for Temporary Restraining Order (Doc. 96) is moot.

---

[3] As stated above, Merriwether testified at the *Pavey* hearing that he submitted his grievances to the appropriate persons and either did not receive a response or had the grievances returned to him by the grievance officer. Magistrate Judge Wilkerson found this testimony to be credible and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).

CONCLUSION

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 117), **OVERRULES** Defendants' Objections (Doc. 122), **DENIES** the Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc., Dr. Michael Scott, and Jana Rueter (Doc. 89), and **DENIES as moot** the Motion for Temporary Restraining Order filed by Merriwether (Doc. 96).

**IT IS SO ORDERED.**

DATED:  September 18, 2018

                                                s/ Nancy J. Rosenstengel_____
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**