IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMANUEL MERRIWETHER,<br><br>                Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>MICHAEL SCOTT, JAIMEE ELLIS,<br>RHONDA J. REUTER, CHRISTINE<br>BROWN, JACQUELINE LASHBROOK,<br>LARUE LOVE, CHAD ADAMS, and<br>CHRISTINA BATSON,<br><br>                Defendants. | Case No. 16-cv-1098-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Emanuel Merriwether filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in September 2016, when he was an inmate in the custody of the Illinois Department of Corrections ("IDOC"). On June 15, 2018, the Court appointed counsel from Sidley Austen LLP to represent Merriwether (Doc. 118). On November 19, 2018, counsel amended Merriwether's complaint and added additional allegations related to Merriwether's *Monell* claims (Doc. 148). Thereafter, the parties engaged in a significant amount of discovery.

Merriwether was released from IDOC custody in August 2018, and he stopped communicating with counsel in September 2019 (Doc. 204). On October 31, 2019, the Sidley firm moved to withdraw as counsel for Merriwether, citing the fact that they had been unable to make contact with Merriwether since September 27, 2019 (*Id.*). On November 1, 2019, Magistrate Judge Gilbert C. Sison ordered Merriwether and the Sidley firm to appear by telephone for a hearing as to the motion to withdraw on December 4, 2019 (Doc. 206). Merriwether failed to appear at this hearing. Thus, Judge Sison granted the Sidley firm's motion to withdraw and ordered

Merriwether to respond within twenty-one days, to notify the Court of his intent to appear *pro se* or to obtain alternate counsel (Doc. 211).

On December 10, 2019, Judge Sison followed up with a Show Cause Order, ordering Merriwether to show cause in writing by December 26, 2019, why this matter should not be dismissed due to his failure to abide by the Court's order and for want of prosecution (Doc. 212). Judge Sison specifically warned Merriwether that his failure to respond to the show cause order will result in his case being dismissed with prejudice (Doc. 212, p. 2). The Clerk's Office mailed Merriwether a copy of this order to his last known address. He filed nothing in response to both orders.

Defendants have asked the Court to sanction Merriwether by dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(1) due to Merriwether's abandonment of his case despite Defendants expending an extraordinary amount of time and resources responding to the *Monell* discovery (Doc. 221). Defendants further suggest that the Court dismiss the case with prejudice pursuant to Rule 41(b) (*Id.*).

The Court sees no reason to allow time for Merriwether to respond to the motion for sanctions, as he has already missed the deadline to comply with the Court's show cause order, and thus dismissal is appropriate at this time.

While the Court is mindful of the difficulties prisoners face in proceeding *pro se*, those difficulties do not excuse Merriwether from complying with deadlines, following the direct Orders of the Court, or maintaining basic communication with the Court and his counsel. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

For these reasons, the Court is convinced that dismissal at the present time is appropriate. Defendants' motion for sanctions (Doc. 221) is **GRANTED.** This action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an Order of the Court and failure to prosecute. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

Out of an abundance of caution, the Court advises Merriwether as follows. If Merriwether wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Merriwether chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Merriwether files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Merriwether wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party

must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Merriwether showing excusable neglect or good cause.

If Merriwether chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Merriwether cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Merriwether plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED:   January 3, 2020**

                                                                                  *Nancy J. Rosenstengel*
                                                                                  _____
                                                                                  **NANCY J. ROSENSTENGEL**
                                                                                  **Chief U.S. District Judge**